# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10630
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 21, 2023

Lyle W. Cayce
Clerk

John Anthony Castro,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-16

_____

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

John Anthony Castro appeals the district court's entry of summary judgment in favor of the United States of America on his claim that an Internal Revenue Service ("IRS") agent disclosed his confidential tax return information in violation of 26 U.S. § 6103(a)(3). Because the district court

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10630

properly entered summary judgment in favor of the Government, we AF-FIRM.

The standard of review on summary judgement is de novo. *Davidson v. Fairchild Controls Corp.* 882 F.3d 180, 184. (5th Cir. 2018). The court should grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). During an IRS criminal investigation into Castro, criminal investigative agent Tuan Ma ("Agent Ma") contacted two potential witnesses to obtain information in furtherance of his investigation. The parties dispute whether Agent Ma disclosed to the two potential witnesses that Castro was under criminal investigation but that the investigation did not target the two potential witnesses. For the purpose of summary judgment, we assume that Agent Ma did in fact disclose such information to the two potential witnesses. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) ("In reviewing summary judgment, this court construes all facts and inferences in the light most favorable to the nonmoving party.") (internal citation and quotation marks omitted). The two potential witnesses submitted affidavits indicating that they spoke with Agent Ma after he reassured them that they were not under investigation.

Even accepting as true that Agent Ma made the alleged disclosures in violation of § 6103 of the Internal Revenue Code, a safe harbor provision shields the Government from liability if the agent's disclosure was based on "a good faith, but erroneous, interpretation of section 6103[.]" 26 U.S.C. § 7431(b)(1) ("No liability shall arise under this section with respect to any inspection or disclosure . . . which results from a good faith, but erroneous, interpretation of section 6103[.]"). This circuit uses an objective standard to evaluate the applicability of this "good faith" exception to liability under the Internal Revenue Code. *Payne v. United States*, 289 F.3d 377, 384 (5th Cir. 2002); *see also Huckaby v. United States Dept. of Treasury, I.R.S.*, 794 F.2d

1041, 1048 (5th Cir.1986) ("A reasonable IRS agent can be expected to know statutory provisions governing disclosure, as interpreted and reflected in IRS regulations and manuals.").

Here, Agent Ma reasonably and in good faith believed that—based on case law, statutory authority, regulations, and the IRS Manual ("IRM")—the disclosures were "necessary in obtaining information, which was not otherwise reasonably available[.]" 26 U.S.C. § 6103(k)(6). Treasury Regulation § 301.6103(k)(6)-1 defines "necessary" as "appropriate and helpful" and clarifies that an agent is not required to first seek information from the taxpayer as an otherwise reasonably available source. TREAS. REG. § 301.6103(k)(6)-1(c)(1) & (3). The IRM further instructs agents that they may identify themselves as members of the criminal investigation unit of the IRS and disclose the criminal nature of investigations when "necessary" because the witness is "disinclined to cooperate." I.R.M. 9.4.5.11.3.1.4(1) (Note). Moreover, this circuit has stated that § 7431's good faith exception protects an agent's disclosure of "the nature of their official duties as a criminal tax investigation." *Gandy v. United States*, 234 F.3d 281, 286–87 (5th Cir. 2000) (reasonable agents "had a good faith belief that they could disclose the criminal nature of the investigation"). Castro did not present any evidence suggesting that Agent Ma's interpretation of the relevant authorities was unreasonable under these circumstances. Agent Ma's disclosure thus fell within § 7431(b)(1)'s "good faith" exception to Government liability.

The judgment of the district court is AFFIRMED.